McFarland, J.,
delivered the opinion of the court.
About the year .1846 the complainant, then the widow of Josiah Bryant, had dower assigned her in *395 the lands of her deceased husband, lying in Hardin county. She afterwards married David MeCallum about the month of March, 1857. Being about to remove from the State a contract was made, selling the complainant’s dower to P. M. Tucker for $300. An informal paper was signed by the complainant and her said husband, showing that “they had bargained and sold and delivered. unto P. M. Tucker,” all their-title, etc. There was no privy examination of the complainant touching the execution of this paper, and it is otherwise informal.
Tucker went into possession and remained for a few years, and sold to Armstrong & Brotherton, who afterwards sold to the defendant, Petigrew. In the fall of 1867 the complainant and her husband moved upon the land, but were dispossessed by Petigrew by an action of unlawful or forcible entry and detainer, and thereupon, on the 8th of April, 1868, the complainant, by next friend, filed this bill against Tucker, and the purchasers under - him, including Petigrew, who is in possession, and against her husband to recover the land, with an account of rents. She charges that her signature to the paper referred to was improperly obtained. This we think not very material, for the reason that it was inoperative to convey her title for want of the privy examination required by the statute. It was likewise inoperative to convey the estate of her husband during the life of the wife, so as to defeat the wife’s right (all other questions out of the way) by the express provisions of' the Act of 1849-50. Thompson & Steger’s Statutes, 2481. It follows that *396 her right was not affected by this paper. The important question then arises as to the effect of the statute of limitations of seven year*. The authorities are clear that previous to the Act of 1849-50 a dis-seizen by a third party was a disseizen of the joint estate of the husband and wife, and a right to a joint action at once accrued to them, which was barred in seven years, leaving only to the wife the right, under the saving of the statute, to bring her action either three years after discoverture, or in seven years,, where the husband’s deed had conveyed his own estate in the land. See Guion v. Anderson, 8 Hum., and other authorities. The same doctrine is held in Murdock v. Johnson, 7 Col., 605. Previous to the passage of this Act of 1849-50 it was held that the deed of the husband was operative to convey his own estate in his wife’s land; that his deed operated as a severance of their joint estate, and vested the purchaser with the husband’s estate in the lands, and this purchaser was therefore in rightful possession during the continuance of the husbands estate. The result of this was, in eases where the husband survived the wife, to deprive the wife of the possession and enjoyment of her lands during her life by the deed of her husband alone. To avoid this result the Act of 1849-50 was passed, as follows:
“The interest of a husband in the real estate of his wife, acquired by her either before or after marriage, by gift, devise, descent, or in any other mode, shall not be sold or disposed of by virtue of any judgment, decree or execution against him, nor shall *397 the husband and wife be ejected from, or dispossessed of such real estate of the wife by virtue of any such judgment, sentence or decree; nor shall the husband sell his wife’s real estate during her life without her joining in the conveyance in the manner prescribed by law, in which married women shall convey lands.”
It will be observed that this . act does not, necessarily make the deed of the husband for his wife’s land an absolute nullity. It prohibits him from selling it during- her life, and as was said by this court in Prater and Wife v. Hoover, 1 Col., 548, “the spirit and intention of this Act is that wives shall not be deprived of the enjoyment of their real estate by an act of their husbands, or by his creditors, without their solemn and free concurrence in the single mode prescribed by law.” It is clear, therefore, that the deed of the husband in such case shall not be operative to defeat the wife in the possession and enjoyment of her land during her life, but if the husband survive and is tenant by the curtesy, it may be that such deed would then operate to give the estate to the purchaser from the death of the wife until the death of the husband. But this question we do not decide, as it does not arise. But the question still remains, is. this right secured to the wife by the Act above quoted, barred by a failure to prosecute a suit within seven years from the time the right of action accrued? It seems to be well settled, as we have said, that previous to this Act the joint right of action of the husband and wife was barred in seven years, and the current of the cases indicate that only a joint action *398 could be prosecuted during the coverture to recover the land'. The case of Coleman v. Satterfield, 2 Head, 259, was a case where the wife was compelled to execute the deed jointly with her husband by fraud and threats of violence against herself and husband. 'She filed her bill, by next friend, to recover possession, and avoid her deed. The. question -was whether she could sue separately in equity. It was held that she clearly had the right under the Act of 1849-50, and perhaps upon general principles of law. And this the court said was so, even conceding that the husband might have joined his wife in the bill, and refused to do so, or upon the other hypothesis, that the husband had executed ■ the deed under circumstances that would estop him from suing in equity; in either case the wife might in equity be relieved from the effect of her deed, and be re,stored to her land.
It is true that in this case the statute of limitations is not discussed, as the time necessary to create the bar had not elapsed, but the important point decided is, that in such case the wife may, in equity, sue alone, without joining the husband. It is true that the right of the wife to sue separately in equity in that case is predicated in part upon the necessity of doing so to be relieved from her own deed: but we think by a fair construction of the Act of 1849-50, and by giving effect to its spirit and intent, which is, that the wife shall not by the act of her husband be deprived of the possession of her land, it secures to her when necessary the right to prosecute by next friend a separate action to recover her possession.
*399 The argument for the defendant, one that has great force, is that the only effect of the Act of 1849-50 is to render inoperative the deed of the husband during the life of the wife, but without in any manner affecting the statute of limitations, thus leaving the party entering under the husband’s deed as a naked disseizor, as if no deed were executed, and as a consequence, under the authorities before referred to, the joint right of action of the husband and wife would be barred in seven years. But we think the object of the Act of 1849-50 was to protect the possession of the wife against the acts of her ‘husband, and whenever he has executed his deed for the land, whether he would be estopped by it from joining in the prosecution of an action to recover the land or not, this Act gives to the wife a right, independent of and against the act of her husband, to be restored to the possession of her land. Against this separate right of action the statute does not run. Before this Act she could not prosecute an action without her husband joining. Against this joint action the statute did run, and the wife was compelled to wait until she could bring her separate action, which was after discoverture; but now she may prosecute this separate action without waiting until discoverture. The Act of 1849-50 was intended to secure to the wife the use and enjoyment of the estate during her life. She may prosecute her right without her husband joining as plaintiff. She, it is clear, has the right within three years after dis-eoverture to bring her suit. This must be upon the ground that her right is not extinguished by the adverse *400 possession, but the joint action being barred she could only have the saving of the statute within which to sue. If her right is not extinguished, and she can prosecute a separate suit to recover her property, we do not see that she should be postponed until the death of her husband, although the result is to restore the husband as well as the wife to the possession. We think therefore the action is not barred.
The case of Murdock v. Johnson, 7 Col., 605, is in apparent conflict with this, but the effect of the Act of 1849-50 was not discussed in that case, and in a latter case, Dodd v. Benthal et al., 4 Heis., 601, where a deed was executed by husband and wife, duly acknowledged before the Act of 1850, but which was voidable as to the wife by reason of her infancy at the time, it was held that the wife might prosecute her separate suit in equity before discoverture to have her title in remainder set up and cleared of clouds, although not then entitled to possession. This was after the deed had been executed more than twenty years.
We are of opinion that upon the facts of this case the complainant will only be entitled to an account of rents from the filing of her bill. The husband had the right to control the rents. We think the defendant, Tucker, entered under a bona fide contract, free from fraud, that he paid the consideration agreed upon. The complainant, under our holding, had the right to bring her bill at any time without joining her husband as , plaintiff, but she failed to do so. The rents, if recovered, would enure to the benefit of *401 the husband as well as complainant. Under the facts of this case we hold that she is only entitled to rents from the time she elected to abandon the sale made by her husband. Against this the defendants will be allowed no offset. The costs of this court will be divided. The costs of the court below as the Chancellor may direct. The cause will be remanded for an account.